

**ENTERED**
**05/22/2015**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ITS Engineered Systems, Inc.,[1] | § | Case No. 15-32145 (KKB) |
| | § | |
| Debtor. | § | |

### FINAL ORDER (I) AUTHORIZING USE OF
### CASH COLLATERAL AND GRANT OF ADEQUATE PROTECTION,
### AND (II) AUTHORIZING POST-PETITION FINANCING

Came on to be considered the final portion of the Emergency Motion For Interim And Final Orders (I) Authorizing Use Of Cash Collateral and Granting Adequate Protection (II) Authorizing Post-Petition Financing, and (III) Granting Related Relief (the "**Motion**") filed by ITS Engineered Systems, Inc., (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned Chapter 11 proceeding. The Motion seeks entry of a Final Order authorizing the Debtor to utilize asserted cash collateral of Diverse Energy Systems, LLC ("**Diverse**"), to continue and pay for the Management Services[2] commencing May 1, 2015, and to obtain debtor-in-possession financing from Diverse for operations necessary to prevent immediate and irreparable harm.

The Court having considered the aspects of the Motion and the exhibits attached thereto, on a final basis, and in accordance with Bankruptcy Rules 4001(b)(2) and (b)(3), and (c) due, proper and adequate notice of the Motion appropriate to the circumstances presented, having been given; and a final hearing to consider approval of the Motion having been held on May 21, 2015; the arguments of counsel, the testimony proffered and other evidence

---

[1] The last four digits of the Debtor's tax identification number are 6115.
[2] Capitalized terms herein shall have the meaning ascribed in the Motion, unless the context clearly requires otherwise.

presented at the hearing on the Motion; and after due deliberation and consideration and good and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.  On April 17, 2015, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this case.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicates for the relief granted herein are sections 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001(b) and (c). Venue of this Chapter 11 proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Diverse, through certain purported loan documents, asserts a lien and security interest on substantially all of Debtor's assets (the "**Diverse Credit Facility**"). Diverse asserts that the cash proceeds of its asserted collateral of whatever kind or nature, including currency, drafts, electronic fund transfers and debits, checks, drafts and other cash-equivalents constitutes its "**Cash Collateral**."

D.  The Cash Collateral provides the general working capital for the Debtor's operations. Diverse has consented to Debtor's use of Cash Collateral.

E.  The Debtor's business requires access to Cash Collateral inasmuch as the Debtor has determined, in its business judgment that it is unable to operate generally without use of Cash Collateral. Without authority to use Cash Collateral, the Debtor will not be able to meet

operating needs, including payroll, utilities, insurance, and/or otherwise comply with state and local ordinances to maintain and preserve the value of its assets.

F.  Attached hereto as **Exhibit 1** is a budget setting forth the particular expenses anticipated to be necessary to be paid through July 19, 2015 (the "**Final Budget**").

G.  In consideration for the use of Cash Collateral, and as adequate protection for any diminution of Diverse's interest in the pre-petition and post-petition collateral to which it asserts liens attach, to the extent Diverse holds valid, perfected and unavoidable security interests in property of the Debtor's estate, without any requirement to file any additional documents to perfect such interests, the Debtor has tendered adequate protection in the form of a post-petition security interest upon all post-petition property of the same kind and type that is subject to Diverse's properly perfected pre-petition security interests ("**Replacement Lien**"). The Replacement Lien shall extend to: (a) all property ("**Replacement Collateral**") acquired by the Debtor, and its bankruptcy estate, of the kind or type that would otherwise constitute Diverse's pre-petition collateral and (b) all products and proceeds of the Replacement Collateral and the pre-petition collateral, of the kind or type that would otherwise constitute Diverse's pre-petition collateral. The Replacement Lien granted hereby shall not extend to Chapter 5 causes of action and shall be limited to the decline, if any, in the value of Diverse's collateral by virtue of the Debtor's post-petition use. The Replacement Lien is without prejudice to any right, claim, or objection of the Debtor or any other party regarding the extent, priority and validity of any lien or security interest securing the indebtedness of any allegedly secured creditor, including Diverse. The Replacement Lien in any kind of property shall have the same validity and priority as Diverse's liens and/or security interests had in that kind of property prior to the Petition Date, if any.

H.  Debtor is hereby authorized to enter into the DIP Credit Facility with Diverse on a final basis on the following terms:

   a.  The gross unpaid balance of the DIP Credit Facility and the prepetition Diverse Credit Facility shall not exceed the sum of $3 million.

   b.  Debtor may borrow on the DIP Credit Facility to pay operating expenses and other administrative expenses of this estate.

   c.  The DIP Credit Facility shall accrue interest at the rate of 7.5% per annum on the unpaid balance.

   d.  As funds are collected by Debtor from operations, such funds shall be used to pay down the DIP Credit Facility. The DIP Credit Facility shall be a revolving line of credit. The Diverse Credit Facility shall not be rolled-up into the DIP Credit Facility.

   e.  The DIP Credit Facility shall be secured by a junior lien, without any requirement to file any additional documents to perfect such interest, upon the Replacement Collateral. Except for the Carve-Out (as defined below), the DIP Credit Facility junior lien shall only be subordinate to any allowed and unavoidable liens and/or security interests with senior priority held by Diverse or any other creditor as of the Petition Date, if any, on the Replacement Collateral. Diverse is hereby additionally granted a chapter 11 administrative expense claim for the unpaid principal and accrued interest on the DIP Credit Facility, with such administrative expense claim subordinate only to the Carve-Out (as more fully described below).

   f.  The DIP Credit Facility shall be due and payable in full upon the earlier of (a) January 31, 2016; (b) the conversion of Debtor's bankruptcy case to a chapter 7 or dismissal of Debtor's bankruptcy case; (c) the appointment of a chapter 11 trustee in Debtor's bankruptcy case; and (e) the entry of an order confirming a plan of reorganization in Debtor's bankruptcy case.

   g.  The DIP Credit Facility shall be binding on any subsequently appointed chapter 7 trustee.

I.  In the exercise of Debtor's sound business judgment, Debtor is authorized to enter into the DIP Credit Facility that is necessary to preserve the assets of this bankruptcy estate. The Court finds that the terms of the transaction are fair, reasonable and adequate, given the circumstances in this case and is in the best interest of this bankruptcy estate and is necessary to

preserve the assets of this bankruptcy estate. The Debtor is unable to obtain post-petition credit allowable solely under 11 U.S.C. § 503(b)(1) as an administrative expense.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. **Motion Granted On Final Basis.** The Motion to use Cash Collateral and to enter into the DIP Credit Facility is granted on a final basis as set forth herein and any objections thereto that have not previously been withdrawn are overruled. Debtor is hereby authorized to continue the Management Services and pay for same in the ordinary course of business commencing May 1, 2015.

2. **Authority to Use Available Cash Collateral.** The Debtor is immediately authorized to use Cash Collateral generated post-petition in accordance with the Final Budget attached hereto as **Exhibit 1** in connection with the operation of the Debtor's business and to pay any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code. Nothing herein shall prevent the Debtor from seeking authority to access other sources of Cash Collateral by separate motion if deemed necessary by the Debtor, nor shall anything herein prevent any party from objecting to such access.

3. **Authority to Enter into the DIP Credit Facility.** The Debtor is immediately authorized to enter into the DIP Credit Facility as authorized pursuant to the terms of this Order and take such other actions necessary to implement the DIP Credit Facility including executing the promissory note attached hereto as **Exhibit 2**.

4. **Events of Default.** The following shall constitute events of default under this Order (each an "**Event of Default**"): (i) use or transfer of Cash Collateral or funds from the DIP Credit Facility in excess of the amounts permitted under the Final Budget or for purposes not specifically authorized under the Final Budget (however, a ten percent (10%) line item variance will not constitute a default); (ii) entry of an order providing for the conversion of the Debtor's

chapter 11 case to a chapter 7 case or for dismissal thereof; (iii) entry of an order providing for the appointment of a chapter 11 trustee or examiner; (iv) lapse of adequate loss insurance on the Pre-Petition Collateral; or (v) the Debtor's material failure to keep or observe any other provision of an order entered hereon.

5. **Grant of Adequate Protection.** As adequate protection for the use of Cash Collateral, Diverse is hereby granted a Replacement Lien in the Replacement Collateral with the same extent, validity and priority as Diverse's liens and/or security interests in that kind of property prior to the Petition Date, if any. The Replacement Lien granted hereby shall not extend to Chapter 5 causes of action and shall be limited to the decline, if any, in the value of Diverse's collateral by virtue of the Debtor's post-petition use. The Replacement Lien is without prejudice to any right, claim, or objection of the Debtor or any other party regarding the extent, priority and validity of any lien or security interest securing the indebtedness of any allegedly secured creditor, including Diverse.

6. The DIP Credit Facility shall be secured by a junior lien, without any requirement to file any additional documents to perfect such interest, upon the Replacement Collateral. Except for the Carve-Out (as defined below), the DIP Credit Facility junior lien shall only be subordinate to any allowed and unavoidable liens and/or security interests with senior priority held by Diverse or any other creditor as of the Petition Date, if any, on the Replacement Collateral. Diverse is hereby additionally granted a chapter 11 administrative expense claim for the unpaid principal and accrued interest on the DIP Credit Facility, with such administrative expense claim subordinate only to the Carve-Out (as more fully described below). To be clear, the junior lien securing the DIP Credit Facility shall not extend to causes of action under Chapter 5 of the Bankruptcy Code.

7. **Insurance**. The Debtor shall maintain adequate loss insurance on the Pre-Petition Collateral.

8. **Carve-Out**. Each of the liens and claims of Diverse granted to Diverse in connection with the use of cash collateral and the DIP Credit Facility under this Order, shall be subject and subordinate to a carve-out (the "**Carve-Out**") for the following: (a) allowed administrative expenses pursuant to 28 U.S.C. § 1930, (b) the allowed fees and expenses to Debtor's counsel in this bankruptcy case, and (c) allowed fees and expenses to counsel for any official unsecured creditors committee that may be appointed in this case subject to the limits set forth in the attached budget.

9. **Budget Procedures**. The following procedures shall afford Debtor to obtain additional authority to use cash collateral and to obtain funding under the DIP Credit Facility:

   (a) The thirteen (13) week budget attached to this Order shall constitute Debtor's budget for the period ending July 19, 2015.

   (b) After entry of this Order, the Debtor shall file proposed quarterly budgets with the Court and serve same on Diverse, the U.S. Trustee, and counsel for any official committee (and if none has been appointed, to the 20-largest unsecured creditors) by the Court's electronic noticing system, e-mail or U.S. first class mail, within at least five (5) business days prior to the end of the applicable budget cycle (the "**Proposed Quarterly Budget**"). The Proposed Quarterly Budget shall represent the next quarterly period of operations.

   (c) Diverse and other parties in interest with standing shall have three (3) business days, from the date the Proposed Quarterly Budget is filed, to review, and if appropriate, file a written objection thereto, and serve same on the Debtor and Debtor's counsel.

   (d) If no objection to the Proposed Quarterly Budget is filed, then the proposed budget shall become the approved Budget for the next quarter.

   (e) If an objection to the Proposed Quarterly Budget is filed, then cash collateral usage and funding under the DIP Credit Facility shall be allowed in accordance with the limitations in the Budget approved for the prior

       month until the Court has an opportunity to hear the objection. The Debtor shall not oppose any request for emergency hearing on such objection.

    (f)    Nothing in this procedure shall prohibit Diverse, or any other secured party with an interest in Cash Collateral from seeking to require a different budgeting procedure, provided that such secured party files an appropriate motion therefore.

    (g)    Each Proposed Quarterly Budget shall set forth separately, any requested "carve out" funding of Debtor's professional fees and expenses and any official unsecured creditors' committee's professional fees and expenses in this case, if any, for the applicable quarter. The failure of Diverse, or any other party in interest to object to the amount of such proposed payment shall not constitute a waiver of such party's right to object to the final fee application of such professional on any permissible ground.

10.    **Findings of Fact, etc.** This Final Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

Signed this ㄹㄹ<sup>nd</sup> day of May, 2015

                                                      UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM:**

/s/ *Micheal W. Bishop*
Micheal W. Bishop
State Bar No. 02354860
Lydia R. Webb
State Bar No. 24083758
**GRAY REED & MCGRAW, P.C.**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 945-4135
Facsimile: (214) 953-1332
Email: mbishop@grayreed.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

/s/ *John Akard, Jr.*
John Akard, Jr.
State Bar No. 00790212
**COPLEN & BANKS, P.C.**
11111 McCracken, Suite A
Cypress, TX 77429
Telephone: (832) 237-8600
Email: johnakard@attorney-cpa.com

**COUNSEL FOR THE DIVERSE ENERGY
SYSTEMS, LLC**

# EXHIBIT 1

Final Budget

2617697.2

| Description | 4/20/2015 | 4/27/2015 | 5/4/2015 | 5/11/2015 | 5/18/2015 | 5/25/2015 | 6/1/2015 | 6/8/2015 | 6/15/2015 | 6/22/2015 | 6/29/2015 | 7/6/2015 | 7/13/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Inflow:** | | | | | | | | | | | | | | |
| Revenue from Diverse | 305,320 | 305,320 | 305,320 | 305,320 | 305,320 | 305,320 | 366,383 | 366,383 | 366,383 | 366,383 | 366,383 | 366,383 | 366,383 | 4,396,602 |
| | | | | | | | | | | | | | | |
| **Outflow:** | | | | | | | | | | | | | | |
| Payroll | 162,000 | | 185,000 | | 185,000 | | 185,000 | | 185,000 | | 185,000 | | 185,000 | 1,272,000 |
| 401k | 6,000 | | 4,500 | | 4,500 | | 4,500 | | 4,500 | | 4,500 | | 4,500 | 33,000 |
| | | | | | | | | | | | | | | |
| Rents | - | 61,405 | 3,776 | - | - | 61,405 | 3,776 | - | - | - | 65,181 | - | - | 195,544 |
| Recurring Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | - | - | 9,561 | - | 9,650 | 9,550 | - | - | 9,650 | 9,550 | - | - | 9,650 | 57,611 |
| | | | | | | | | | | | | | | |
| Materials in Manufacturing | 179,736 | 179,736 | 179,736 | 179,736 | 179,736 | 179,736 | 215,683 | 215,683 | 215,683 | 215,683 | 215,683 | 215,683 | 215,683 | 2,588,197 |
| Shop Overhead expenses | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 14,537 | 188,975 |
| | | | | | | | | | | | | | | - |
| Legal fees to Debtor's Counsel | | | | 20,000 | | 20,000 | | 20,000 | | 20,000 | | 20,000 | | 100,000 |
| Legal fees to Committee Counsel | | | | 5,000 | | 5,000 | | 5,000 | | 5,000 | | 5,000 | | 25,000 |
| | | | | | | | | | | | | | | |
| Bank Fees | 675 | 130 | | | | | 130 | | | | 130 | | | 1,065 |
| | | | | | | | | | | | | | | |
| (1) Diverse Management Fee | | | | | | | 96,000 | | | | 96,000 | | | 192,000 |
| | | | | | | | | | | | | | | |
| (2) Insurance (Property, Umbrella, etc.) | | | | | | | 11,250 | | | | | 11,250 | | 22,500 |
| | | | | | | | | | | | | | | |
| BCBS | | 38,000 | | | | 38,000 | | | | 38,000 | | | | 114,000 |
| Principal / Cigna | | 9,000 | | | | 9,000 | | | | 9,000 | | | | 27,000 |
| | | | | | | | | | | | | | | |
| Total Outflows | 362,947 | 302,808 | 397,109 | 219,272 | 393,422 | 337,228 | 530,876 | 255,220 | 429,370 | 311,770 | 581,031 | 266,470 | 429,370 | 4,816,891 |
| | | | | | | | | | | | | | | |
| Net Cash Flows | (57,628) | 2,512 | (91,790) | 86,047 | (88,103) | (31,908) | (164,492) | 111,164 | (62,986) | 54,614 | (214,647) | 99,914 | (62,986) | (420,290) |

(1) 6/1/15 Management fee payment for May services (paid in arrears). 6/29/15 Management fee payment for June services (paid in arrears). Diverse is waiving the April management fee
(2) Insurance paid by Diverse - amount allocated to ITS using similar methodology as Management fee. Diverse will waive the April charge/allocation

## EXHIBIT 2

Promissory Note

2617697.2

## Form of DIP Lender

## Promissory Note

$1,700,866.00          Houston, TX          April 22, 2015

FOR VALUE RECEIVED, the under signed, **ITS ENGINEERED SYSTEMS, INC.**, a Delaware corporation (the "**Debtor**"), hereby promises to pay to the order of **DIVERSE ENERGY SYSTEMS, LLC,** a North Dakota limited liability company ("**DIP Lender**") as authorized by the Interim Order (I) Authorizing Use of Cash Collateral and Grant of Adequate Protection, and (II) Authorizing Post-Petition Financing (Dkt. No. 24) entered on April 22, 2015 and the Final Order (I) Authorizing Use of Cash Collateral and Grant of Adequate Protection, and (II) Authorizing Post-Petition Financing (Dkt No. ___) entered on May ___, 2015 in Debtor's bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the orders are collectively referred to as the "**DIP Orders**") the principal sum of one million seven hundred thousand eight hundred eighty-six dollars ($1,700,886.00), or so much thereof as from time to time may be disbursed by the DIP Lender to Debtor.

The outstanding principal balance hereof shall accrue interest at a per annum rate of seven and a half percent (7.5%). Accrued and unpaid interest and the loan balance shall be paid as Debtor collects money from operations. This credit line shall be a revolving line of credit not to exceed one million seven hundred thousand eight hundred eighty-six dollars ($1,700,886.00). All payments of principal and interest shall be made in Dollars in immediately available funds at the DIP Lender's main office.

This Note shall be secured by a junior lien, without any requirement to file any additional documents to perfect such interest, upon the Replacement Collateral as defined in the DIP Orders. This Note shall be due and payable in full upon the earlier of (i) January 31, 2016; (ii) the conversion of Debtor's bankruptcy case to a chapter 7 case or the dismissal of Debtor's bankruptcy case; (iii) the appointment of a chapter 11 trustee in Debtor's bankruptcy case; or (iv) the entry of an order confirming a plan of reorganization in Debtor's bankruptcy case. This Note shall be binding on any subsequently appointed chapter 7 trustee.

If the DIP Lender expends any effort in any attempt to enforce payment of all or any part or installment of any sum due the DIP Lender hereunder, or if this Note is placed in the hands of an attorney for collection, or if it is collected through any legal proceedings, Debtor agrees to pay all reasonable collection costs and fees incurred by the DIP Lender, including all reasonable attorneys' fees.

This Note shall by governed by and construed in accordance with the laws of the State of Texas and the applicable laws of the United States of America. This Note is to be performed in Harris County, Texas. Debtor, for itself, its successors and assigns, irrevocably (i) submits to the nonexclusive jurisdiction of the Bankruptcy Court presiding over Debtor's bankruptcy case; (ii) waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court or that such court is an inconvenient forum; (iii) waives

diligence, presentment, protest and demand and notice of protest, demand, dishonor, and non-payment of this Note. The non-exercise by the DIP Lender of any of its rights hereunder in any particular instance shall not constitute a waiver thereof in that or any subsequent instance.

NOTICE: THIS NOTE AND ALL OTHER DOCUMENTS RELATING TO THE INDEBTEDNESS EVIDENCED BY THIS NOTE CONSTITUTE A WRITTEN LOAN AGREEMENT WHICH REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS OF THE PARTIES RELATING TO THE INDEBTEDNESS EVIDENCED BY THIS NOTE.

**ITS ENGINEERED SYSTEMS, INC.**

_____

2635247.2

## **EXHIBIT B**

Limited Service List

2654908.1

## LIMITED SERVICE LIST

**Debtor:**
ITS Engineered Services, Inc.
Attention: Todd Haas
6818 FM 2855
Katy, Texas

**Debtor's Counsel:**
Micheal W. Bishop
Gray Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dallas, TX 75201

**U.S. Trustee's Office:**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

**U.S. Attorney's Office:**
US Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

**Top 20 Unsecured Creditors:**

CGSI
916 Fleetwood Place Dr.
Houston, TX 77079

Channel Refractory Services Inc.
P.O. Box 1139
Channelview, TX 77530-1139

Coating Industries, Inc.
6414 Thomas Road
Houston, TX 77041

COR Thermotics
1450 W. Grand Parkway South
Katy, TX 77494

Eads Distribution, LLC dba the Eads Company
P O Box 732217
Dallas, TX 75373-2217

Elliott Electric Supply Inc.
P.O. Box 630610
Nacogdoches, TX 75963

Forged Components Inc.
14527 Smith Road
Humble, TX 77396

Keco Engineered Controls
1200 River Ave., Bldg. 3A
Lakewood, NJ 08701-5657

My Pipeline Supply, LLC dba Mps, LLC
Po Box 218844
Houston, TX 77218

Osies Inc.
P.O. Box 842152
Houston, TX 77284

Professional Welding Supply Inc.
P.O. Box 19811
Houston, TX 77224-9811

Ranger Steel Services, LP
P.O. Box 4346 Dept.451
Houston, TX 77210-4346

RSD Supply Inc.
P.O. Box 841518
Houston, TX 77284-1518

Spunky Flat Land Company
916 Fleetwood Place Drive
Houston, TX 77079

Technipower, Inc.
Po Box 204653
Dallas, TX 75320-4653

Texas Gamma Ray, LLC
1127 S Lewis
Tulsa, OK 74104

Texas Steel Supply
34000 Sunset Lane
Brookshire, TX 77423

2615588.2

Tri-State Supply Company
6206 North Houston Rosslyn
P.O. Box 40512
Houston, TX 77240-0512

Truespec Energy Products
14107 Interdrive West
Houston, TX 77032

Wichita Tank Mfg., Inc.
8321 Seymour Hwy
Wichita Falls, TX 76305

### Attorneys Appearing and Various Other Parties in Interest:

J. Marcus Hill
Hill & Hill, P.C.
1770 St. James Place, Suite 115
Houston, Texas 77056

Brooke Ulrickson Allen
Brown Dean
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-1505

David M. Sloan
Sloan & Moyer LLP
11767 Katy Fwy Suite 1130
Houston, TX 77079

Icon Bank of Texas, N.A.
7908 N. Sam Houston Parkway W
Suite 100
Houston, TX 77064

Diverse Energy Systems, Inc.
1301 McKinney, Suite 3300
Houston, TX 77010-3047

John Akard, Jr.
Coplen & Banks, P.C.
11111 McCracken, Suite A
Cypress, TX 77429

Texas Comptroller
P.O. Box 149348
Austin, TX 79714-9348

Department of Treasury – IRS
Internal Revenue Service Center
Ogden, UT 84201-0012

Waller County Tax Office
730 9th St.
Hempstead, TX 77445-4534

ADP
One ADP Drive MS-100
Augusta, GA 30909

Alerus Financial
P.O. Box 6001
Grand Forks, ND, 58206

Blue Cross Blue Shield of North Dakota
P.O. Box 6005
Fargo, ND 58108-6005

Cigna Insurance
900 Cottage Grove Road
Bloomfield, CT 06002

Discovery Benefits
4321 20th Avenue SW
Fargo, ND 58103

Texas Mutual
6210 E. Highway 290
Austin, TX 78723-1098

Eric Gould
O'Connor, Craig, Gould & Evans
5773 Woodway # 184
Houston, TX 77057

Michael S. Holmes
Michael S. Holmes, P.C.
9708 Hillcroft St.
Houston, TX 77096

Texas Steel Supply, Inc.
c/o MARK J. COURTOIS
Funderburk Funderburk Courtois, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2141

2615588.2